UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAFECO INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

SIGURD J. HANSEN and MELISSA ECKSTROM,

    Defendants.

NO. C19-1772RSL

ORDER CONTINUING PENDING MOTIONS FOR SUMMARY JUDGMENT (Dkt. # 7 and # 19)

This matter comes before the Court on "Defendant Hansen's Motion for Relief From Deadlines Relating to Defendant Eckstrom's Motion for Summary Judgment." Dkt. # 22. Hansen seeks to continue Eckstrom's motion for summary judgment on a number of grounds, including that Hansen has filed a motion to stay this insurance coverage case until the underlying state court action is resolved. Plaintiff Safeco Insurance Company of America filed its own motion for summary judgment (Dkt. # 19), and the Court *sua sponte* considers whether it, too, should be continued.

In May 2016, defendant Eckstrom filed a complaint in King County Superior Court in which she alleges that defendant Hansen, her father, sexually abused her as a child. Hansen tendered the complaint to Safeco in May 2019, seeking a defense and indemnification under

ORDER CONTINUING PENDING
MOTIONS FOR SUMMARY JUDGMENT - 1

insurance policies issued to Hansen and/or his parents from 1990 to 2006. Safeco agreed to provide a defense in the underlying action, but reserved its rights to dispute coverage. Safeco filed this lawsuit on October 31, 2019, seeking a declaration of no coverage based on the intentional nature of the acts alleged in the underlying complaint.

Hansen filed a motion to stay, arguing that the declaratory judgment action should not be allowed to go forward because further prosecution of the action would – or could – (1) violate the duty of good faith Safeco owes to its insured and (2) prejudice the insured's interests by forcing him to take positions in this lawsuit that could harm his position in the underlying action.[1] An insurer defending an insured under a reservation of rights has "an enhanced obligation of fairness toward its insured" in light of the "[p]otential conflicts between the interests of the insurer and insured . . . ." Tank v. State Farm Fire & Cas. Co., 105 Wn.2d 381, 383 (1986). Although an insurer is generally permitted to seek a declaration that it has no duty to defend, "it must avoid seeking adjudication of factual matters disputed in the underlying litigation because advocating a position adverse to its insured's interests would 'constitute bad faith on its part.'" Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 161 Wn.2d 903, 914-15 (2007) (quoting 1 Allan D. Windt, Insurance Claims & Disputes: Representation of Insurance Companies and Insureds § 8.3 (5th ed. 2007)). See also Tank, 105 Wn.2d at 388 (noting that good faith under a reservation of rights requires the insurer to "refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interests than for the insured's financial risk").

The Court has not analyzed the motion to stay or the related papers: it therefore offers no

---

[1] Hansen argues that there are two underlying actions, both of which were filed by Eckstrom.

ORDER CONTINUING PENDING
MOTIONS FOR SUMMARY JUDGMENT - 2

view as to the merits of that motion. Nevertheless, given the interests at stake, the Court finds that the motion to stay should be resolved before Hansen is required to respond to the pending motions for summary judgment. If this action may be pursued consistent with the insurer's obligation of fairness to the insured, the declaratory judgment action will proceed, and the pending dispositive motions will be renoted . If, however, pursuing a declaration of no coverage will prejudice Hansen in the underlying action, a stay may be appropriate in order to avoid a situation in which the insurer is seeking the adjudication of factual matters that are adverse to its insured in the underlying action.

For all of the foregoing reasons, Hansen's motion to continue Eckstrom's pending motion for summary judgment (Dkt. # 22) is GRANTED. The Court *sua sponte* continues Safeco's pending motion for partial summary judgment (Dkt. # 19). Hansen need not respond to those motions until the Court resolves his motion to stay and, if appropriate, renotes the dispositive motions.

Dated this 19th day of December, 2019.

Robert S. Lasnik
United States District Judge

ORDER CONTINUING PENDING
MOTIONS FOR SUMMARY JUDGMENT - 3